NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**MITCHELL T. TAEBEL,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

———————————

2018-1475

———————————

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00025-VJW, Judge Victor J. Wolski.

———————————

Decided: July 16, 2018

———————————

MITCHELL T. TAEBEL, Long Beach, IN, pro se.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

———————————

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

Per Curiam.

Mitchell Taebel appeals the U.S. Court of Federal Claims' ("Claims Court") dismissal of his complaint for lack of subject matter jurisdiction. Because the Claims Court did not err in dismissing the complaint, we *affirm*.

## Background

On December 27, 2017, Mr. Taebel filed a one-paragraph complaint in the Claims Court alleging that the U.S. Department of Justice is unconstitutional and objecting to the enforcement of federal criminal laws not listed in the U.S. Constitution. The Claims Court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction. It concluded that it lacked jurisdiction over Mr. Taebel's complaint because he failed to allege that the United States owed him money damages and his claims were not based on a constitutional provision that would entitle him to compensation from the United States.

Mr. Taebel timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## Discussion

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Mr. Taebel bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* We accept as true all undisputed facts asserted in his complaint and draw all reasonable inferences in his favor. *Id.* As Mr. Taebel is a pro se appellant, we liberally construe his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The jurisdiction of the Claims Court is set forth in the Tucker Act, 28 U.S.C. § 1491(a), but the Tucker Act does not itself create a right enforceable against the United States. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 991 (Fed. Cir. 2017). To establish Claims Court jurisdiction

under the Tucker Act, a plaintiff must identify a substantive law that creates the right to money damages against the United States. *Id.*

The Claims Court properly dismissed Mr. Taebel's complaint for lack of jurisdiction. Mr. Taebel's complaint fails to allege that the United States owes him any money or identify any money-mandating provision that would confer jurisdiction. On appeal, Mr. Taebel argues the Department of Justice is unconstitutional and a national security threat. He seeks an injunction "to close down unconstitutional elements of this Government." He does not allege the United States owes him money or identify a money-mandating provision. The Claims Court did not err by dismissing his complaint because Mr. Taebel failed to allege facts and identify law that would establish jurisdiction.

We have considered Mr. Taebel's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Claims Court is *affirmed*.

## **AFFIRMED**

### COSTS

No costs.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT ACCOMPANIED BY OPINION

OPINION FILED AND JUDGMENT ENTERED: 07/16/2018

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

No costs were taxed in this appeal.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

18-1475 - Taebel v. US
United States Court of Federal Claims, Case No. 1:18-cv-00025-VJW

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

PETER R. MARKSTEINER                                                                                   202-275-8000
   CLERK OF COURT

## Information Sheet

### Petitions for Rehearing and Petitions for Hearing and Rehearing En Banc

1. **When is a petition for rehearing appropriate?**

   The Federal Circuit grants few petitions for rehearing each year. These petitions for rehearing are rarely successful because they typically fail to articulate sufficient grounds upon which to grant them. Of note, petitions for rehearing should not be used to reargue issues previously presented that were not accepted by the merits panel during initial consideration of the appeal. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36. Such dispositions are entered if the court determines the judgment of the trial court is based on findings that are not clearly erroneous, the evidence supporting the jury verdict is sufficient, the record supports the trial court's ruling, the decision of the administrative agency warrants affirmance under the appropriate standard of review, or the judgment or decision is without an error of law.

2. **When is a petition for hearing/rehearing en banc appropriate?**

   En banc consideration is rare. Each three-judge merits panel is charged with deciding individual appeals under existing Federal Circuit law as established in precedential opinions. Because each merits panel may enter precedential opinions, a party seeking en banc consideration must typically show that either the merits panel has (1) failed to follow existing decisions of the U.S. Supreme Court or Federal Circuit precedent or (2) followed Federal Circuit precedent that the petitioning party now seeks to have overruled by the court en banc. Federal Circuit Internal Operating Procedure #13 identifies several reasons when the Federal Circuit may opt to hear a matter en banc.

3. **Is it necessary to file either of these petitions before filing a petition for a writ certiorari in the U.S. Supreme Court?**

   No. A petition for a writ of certiorari may be filed once the court has issued a final judgment in a case.

> **For additional information and filing requirements, please refer to Fed. Cir. R. 40 (Petitions for Rehearing) and Fed. Cir. R. 35 (Petitions for Hearing or Rehearing En Banc).**

*Revised May 10, 2018*

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**
717 MADISON PLACE, N.W.
WASHINGTON, D.C.  20439

| | |
|---|---:|
| PETER R. MARKSTEINER<br>    CLERK OF COURT | 202-275-8000 |

## Information Sheet

### Filing a Petition for a Writ of Certiorari

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit.  Instead, a party must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. *See* Supreme Court Rule 10.

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. <u>The time does not run from the issuance of the mandate.</u>  *See* Supreme Court Rule 13.

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. *See* Supreme Court Rules 38 and 39.

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner as a self-represented individual.

**Format of a Petition.** The Supreme Court Rules are very specific about the content and formatting of petitions.  *See* Supreme Court Rules 14, 33, 34.  Additional information is available at https://www.supremecourt.gov/filingandrules/rules_guidance.aspx.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of both the petition for writ of certiorari and the motion for leave to proceed in forma pauperis must be filed. *See* Supreme Court Rule 12.

**Filing.** Petitions are filed in paper at *Clerk, Supreme Court of the United States, 1 First Street, NE, Washington, DC 20543*.

Effective November 13, 2017, electronic filing is also required for filings submitted by parties represented by counsel. *See* Supreme Court Rule 29.7.  **Additional information about electronic filing at the Supreme Court is available at** https://www.supremecourt.gov/filingandrules/electronicfiling.aspx.

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

*Revised May 10, 2018*